72318. McDONALD v. THE STATE.
(345 SE2d 89)

BANKE, Chief Judge.

The defendant was convicted of driving under the influence and speeding. On appeal, his sole enumeration of error is directed towards the trial court's refusal to allow him to call a witness who was prepared to testify that he (the defendant) had not been intoxicated on the occasion in question. *Held*:

The trial court's ruling was, in large measure, based upon the fact that the witness had inadvertently been allowed to remain in the courtroom in violation of the rule of sequestration. It is error to prevent a witness from testifying for this reason. The Supreme Court has held that, "[i]n the interest of clarity and uniformity, in conformity with the trend toward witness competency, and in view of the constitutional rights of a defendant to call witnesses in his or her defense, . . . a witness who has violated the rule of sequestration in a criminal case shall not be prevented from testifying. [Cits.]" *Jordan v. State*, 247 Ga. 328 (10) (276 SE2d 224) (1981); *Blanchard v. State*, 247 Ga. 415 (1) (276 SE2d 593) (1981).

Whether the defendant was intoxicated, and thus a less safe driver, was in sharp dispute; therefore, the error may not be considered harmless. We specifically reject the state's contention that the harm was somehow offset by the court's exclusion from evidence of a blood-alcohol test report, based on the state's failure to comply with a defense request for it made pursuant to OCGA § 7-7-211. The defendant's conviction of driving under the influence is reversed, while the speeding conviction, which is unaffected by the excluded testimony, is

affirmed.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 24, 1986.

*J. Wayne Parrish*, for appellant.
*Ernie M. Sheffield, Solicitor*, for appellee.